IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| E.M., <br> A minor, by his mother <br> and next friend, <br> **DOLORES MCNEILL** <br> 307 Seaton Pl, N.E. <br> Washington, D.C. 20002 <br><br> and <br><br> **DOLORES MCNEILL** <br> 307 Seaton Pl, N.E. <br> Washington, D.C. 20002 <br> Plaintiffs <br><br> v. <br><br> **DISTRICT OF COLUMBIA** <br> A municipal corporation, <br> 1350 Pennsylvania Ave., N.W. <br> Washington, D.C. 20004 <br><br> Serve on: <br> Attorney General of D.C. <br> One Judiciary Square <br> 441 4th Street, N.W., Suite 600 <br> Washington, D.C. 20001 <br><br> and <br><br> Mayor Anthony Williams <br> Office of the Secretary <br> 1350 Pennsylvania Avenue, Ste. 419 <br> Washington, DC 20004 <br><br> **CLIFFORD B. JANEY** <br> The Superintendent, <br> District of Columbia Public Schools <br> 825 North Capitol Street, NE <br> Washington, D.C. 20002 <br><br> **Hyde Leadership Public Charter School** <br> 101 T Street, NE <br> Washington, DC 20002 <br> Defendants(s) | * <br> * <br> * <br> * <br> * <br> * <br><br><br><br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br><br> FILED <br> AUG 24 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT <br><br> CASE NUMBER 1:06CV01497 <br> JUDGE: Reggie B. Walton <br> DECK TYPE: TRO/Preliminary Injunction <br> DATE STAMP: 08/25/2006 |

************************************

**COMPLAINT**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. E.M. is a sixteen-year old child with disability in the custody of his mother, Dolores McNeill in the District of Columbia, and is eligible for services pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and section 504.

4. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education and that their rights to equal protection of the law and due process of law are respected.

5. Hyde Public Charter School (Hyde) is responsible for affording all children with disabilities attending the school all rights pursuant to IDEIA and section 504.

## FACTS

6. E.M. is a 16 year old learning disabled child receiving special education and related services at Payne Elementary School. She spends 100% of her time out-of-general education.

2

7. E.M. was attending Hyde Public Charter School (Hyde) and was not progressing academically or emotionally. He is now attending High Road Academy since 2006. During his attendance at Hyde he continued to exhibit behavioral and academic problems.

8. Hyde convened a manifestation determination meeting on 12/07/05 and decided that the student could not longer attend Hyde.

9. During the meeting on 12/07/05, Hyde informed the Plaintiffs that they would have to find the student a placement and neglected to convene a placement so as to determine an appropriate placement for the student.

10. On 01/29/06, Plaintiffs' counsel forwarded a letter to DCPS and informed them that the student was without a school placement and as such he is in need of one. However, DCPS did not reply to the request and no determination as to placement was made.

11. Although he was attending school, his evaluations were all expired. His speech and language evaluation was dated 11/05/02, his psycho-educational was dated 11/14/02, and his educational evaluation was dated 11/18/03 and as a result all extremely expired.

12. Hyde did not inform the parent of the fact that EM had evaluations from 2002 which found that E.M. needed a more structured environment and therefore, kept information from the mother as to the needs of her son.

13. E.M.'s IEPs although inappropriate, were not appropriately implemented during his attendance at Hyde because DCPS and Hyde failed to provide the services in a full time therapeutic center as recommended by his evaluations. In fact, he did not have his IEPs within the appropriate time frames, i.e. annually and although he had behavioral problems no counseling was provided on his IEPs and no behavior plan was completed.

14. During the 03/17/06 hearing DCPS stated that they will place and fund the student at High Road School of DC to retroactively include January. However, the hearing officer did not

include that in his 03/23/06 order but instead erroneously made a finding that DCPS previously issued a Prior Notice of Placement (PNOP).

15. The Hearing Officer admitted evidence of settlement discussions made during the resolution session meeting over Plaintiffs counsel's objection and concluded that no violation occurred as far as the completion of the evaluations because Hyde offered the evaluations at the resolution session meeting.

16. Following the 03/17/06 due process hearing, the hearing officer issued a HOD on 03/23/06 and dismissed the case against both Hyde and DCPS. The Hearing Officer found inter alia that Hyde did not have anyone certified in special education to teach the student, and as a result, was a violation, and it had been recommended by psychologists and teachers that E.M. be placed in a more structured environment with more services going back to 2002 but that was not done by Hyde.

17. On 05/11/06, parent's counsel filed a motion for re-consideration and on 05/26/06 the hearing officer issued a HOD denying the motion.

## COUNT I

18. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

19. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

20. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

21. Defendants violated IDEIA and denied Plaintiffs due process when it failed to inform the parent that E.M. needed a more structured environment than Hyde since 2002.

## COUNT III

22. Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

23. Defendants violated IDEIA by not completing the evaluations within the appropriate timeframe as required under IDEIA.

## COUNT IV

24. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

25. Defendants violated IDEIA by not providing E.M. with appropriate IEPs since 2002.

## COUNT V

26. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

27. Defendants violated IDEIA by not providing E.M. with an appropriate placement going back to 2002.

## COUNT VI

28. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

29. Defendants violated IDEIA by not providing E.M. with appropriate special education and related services and all his related services.

## COUNT VII

30. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

31. The Hearing Officer exceeded his authority by admitting and relying on statements made for the purposes of settlement. The Hearing Officer despite finding that the evaluations had not been completed dismissed Plaintiff's case and found that no violation occurred because Defendant's offered to conduct the evaluations during the resolution session meeting.

## COUNT VIII

32. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

33. The Hearing Officer erred in failing to take into consideration and include in his HOD that DCPS agreed that they will place and fund the student at High Road School of DC

to retroactively include January. Furthermore, the Hearing Officer erroneously made a finding that DCPS previously issued a Prior Notice of Placement (PNOP) to High Road despite no evidence presented during the hearing to support that conclusion.

## COUNT IX

34. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

35. The Hearing Officer erred when he dismissed Plaintiffs case in contravention of his findings that it had been recommended by psychologists and teachers that E.M. be placed in a more structured environment with more services going back to 2002 but that was not done by Hyde. Furthermore, the Hearing Officer exceeded his authority by dismissing Plaintiffs case with prejudice, despite finding that Hyde did not have anyone certified in special education to teach the student, and as a result, was a violation.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;
2. Issue appropriate injunctive relief requiring defendants to issue a PNOP placing and funding E.M. at High Road for the remainder of the school year;
3. Issue an order awarding compensatory education to the plaintiff;
4. Order that the March 23, 2006 and the May 26, 2006 Hearing Officer's Determinations be reversed, finding denial of a free, appropriate, public education by DCPS and Hyde;
5. Award plaintiffs attorneys' fees and the costs of this action; and
6. Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By: _____
Jude C. Iweanoge, Bar #493241
1010 Vermont Avenue, NW, Suite 600
Washington, D.C. 20005
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

7