UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| E.M., a minor <br> by his mother and next of friend, <br> DOLORES MCNEILL <br><br> and <br><br> DOLORES MCNEILL, <br><br> Plaintiffs, <br> v. <br><br> DISTRICT OF COLUMBIA <br><br> and <br><br> CLIFFORD B. JANEY <br><br> and <br><br> HYDE LEADERSHIP PUBLIC CHARTER SCHOOL, <br><br> Defendants. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:06CV01497 |

**Hyde Leadership Public Charter School's Answer**

Hyde Leadership Public Charter School (hereinafter "Hyde") hereby submits its Answer to the Complaint filed by E.M. and his mother, Dolores McNeill.

**First Defense**

The complaint is untimely filed. The hearing officer issued his order in this case on March 22, 2006. Given the 90 day statute of limitations for appeals of hearing officer determinations, this complaint is not timely.

**Second Defense**

Defendant asserts, adopts, and incorporates by reference all defenses asserted by any other potential defendants to this action.

**Third Defense**

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

**Answer to the Complaint**

**JURISDICTION**

1. The allegations in paragraph 1 of the complaint are conclusions of law by the pleader to which no response is required.

**PARTIES**

2. Defendant admits the allegations in paragraphs 2 through 5.

**FACTS**

3. Defendant lacks sufficient knowledge at this time about the allegations and assertions contained in Paragraphs 6-7 of the Complaint, and on that basis denies them pending strict proof at trial. The student is not currently enrolled at Hyde.

4. Defendant admits the allegations contained in Paragraph 8 of the Complaint insofar as Hyde did convene a manifestation meeting and determined the student had committed an expellable offense.

5. Defendant denies the assertions in Paragraph 9 of the Complaint.

6. Defendant lacks sufficient knowledge at this time about the allegations and

assertions contained in Paragraphs 10-11 of the Complaint, and on that basis denies them pending strict proof at trial.

7. Defendant denies the assertions in Paragraphs 12-14 of the Complaint.

8. Defendant lacks sufficient knowledge at this time about the allegations and assertions contained in Paragraph 14 of the Complaint, and on that basis denies them pending strict proof at trial.

9. Defendant admits the allegations contained in Paragraphs 15-17 of the Complaint

### Count I

10. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

11. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

### Count II

12. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

13. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

### Count III

14. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

15. Defendant denies the allegations contained in Paragraph 23 of the Complaint

### Count IV

16. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

17. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### Count V

18. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

19. The allegations in paragraph 27 are denied as they pertain to Hyde. Furthermore, Hyde is not responsible for placing the student.

### Count VI

20. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

21. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

### Count VII

22. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

23. The allegations in paragraph 31 are denied as the Hearing Officer did not exceed his authority and made rulings based on the evidence in the case.

### Count VIII

24. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

25. The allegations in paragraph 33 are denied as the Hearing Officer did not err in his HOD.

## Count IX

26. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

27. The allegations in paragraph 35 are denied as the Hearing Officer did not err in dismissing Plaintiff's case.

## General Denial

Defendant denies all allegations not previously admitted or otherwise answered. Defendant admits no allegations unless clearly so stated above. Defendant also reserves the right to amend its Answer and to add defenses that become apparent in discovery.

WHEREFORE, having fully answered, defendant respectfully urges the Court to dismiss the Complaint on the merits and with prejudice.

Respectfully Submitted,

/s/
Ellen Douglass Dalton, Esq.
Counsel for Defendant Hyde
D.C. Bar No. 411612
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323