**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| E.M., a minor<br>by his mother and next of friend,<br>DOLORES MCNEILL<br><br>and<br><br>DOLORES MCNEILL,<br><br>       Plaintiffs,<br>   v.<br><br>DISTRICT OF COLUMBIA<br><br>and<br><br>CLIFFORD B. JANEY<br><br>and<br><br>HYDE LEADERSHIP PUBLIC CHARTER<br>SCHOOL,<br><br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No: 1:06CV01497<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT HYDE'S MOTION TO DISMISS**
**FOR FAILURE TO TIMELY FILE**

COMES NOW, defendant Hyde Leadership Public Charter School, through counsel, and respectfully requests this Court to dismiss the appeal filed by the plaintiff for failure to timely file. The appeal was filed on August 24, 2006. According to the ninety-day time frame allowed to file appeals from administrative proceedings, an appeal of the March 22, 2006, hearing officer's determination should have been filed by June 20, 2006. Therefore, we request this Court to dismiss this complaint with prejudice.

The reasons for the motion are set forth in the accompanying memorandum of

points and authorities.  A proposed order is also submitted herewith.


Respectfully submitted,


_____**/s/**_____
Ellen Douglass Dalton, Esq.
Counsel for Defendant Hyde
D.C. Bar No. 411612
Dalton, Dalton, &  Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| E.M., a minor<br>by his mother and next of friend,<br>DOLORES MCNEILL | )<br>)<br>)<br>) |
| and | ) |
| DOLORES MCNEILL, | )<br>) |
| Plaintiffs,<br>v. | )<br>)<br>) |
| DISTRICT OF COLUMBIA | )      Case No: 1:06CV01497<br>) |
| and | )<br>) |
| CLIFFORD B. JANEY | )<br>) |
| and | )<br>) |
| HYDE LEADERSHIP PUBLIC CHARTER<br>SCHOOL, | )<br>)<br>) |
| Defendants.<br>_____ | )<br>) |

**DEFENDANT HYDE'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
FOR FAILURE TO TIMELY FILE**

Defendant Hyde files this Memorandum of Points and Authorities in

Support of the foregoing Motion pursuant to LcvR 7.1(a).

**<u>PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE
TO TIMELY FILE.</u>**

Pursuant to section 1415(i)(2)(B) of the Individuals with Disabilities

Education Improvement Act, 20 U.S.C. §1400, *et seq*.; and its federal

regulations, which include 34 C.F.R. §300.516, a party appealing the decision of a hearing officer shall have 90 days from the date of the decision of the hearing officer to bring such an action.

### 1.    Plaintiff's Complaint is an Appeal

Plaintiff's complaint is described as a TRO/Preliminary Injunction, but in form and in substance it is an appeal.  An injunction, as an equitable remedy, is meant to maintain the status quo, in other words "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  A preliminary injunction would not make sense in this case, because the hearing officer's determination is final due to the fact that the time within which a party can appeal has lapsed.  As such, there can be no further litigation on this issue.

Furthermore, in deciding a motion for preliminary injunction, a court must consider and weigh four factors: (1) the likelihood that the party seeking the injunction will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed without the injunction; (3) the prospect that others will be harmed if the injunction issues; and (4) the public interest.  *See The Goddard Engineers Association, et al. v. National Aeronautics and Space Administration, et al.,* 286 U.S. App. D.C. 383 (1990).  In this case, Plaintiff has failed to satisfy any of these factors, let alone all of them.  In fact, these factors are not even mentioned, but instead the complaint is organized as an ordinary appeal.  Based

on the form and content of the complaint, it is clearly meant to serve as an appeal

of an administrative decision, rather than a TRO/Preliminary Injunction.

**2.      The Statute of Limitations for Appeal has Passed**

In 2004 IDEA was amended to include a 90-day statute of limitations under

which an action must be brought.  20 U.S.C. §1415(i)(2)(B).  Prior to those

amendments, the time frame within which to appeal an administrative decision

was substantially shorter.[1]  In the underlying case, the hearing officer dismissed

Plaintiff's complaint with prejudice on March 22, 2006.  Plaintiff filed a Motion for

Reconsideration on May 11, 2006.  The hearing officer denied this motion on May

23, 2006.  The hearing officer reasoned that while "[t]he regulations governing

due process hearings under IDEA make no provision for motions for

reconsideration...in a case of first impression, the [District Court Judge held] D.C.

Court of Appeals Rules 15(a) and (b) should be applied to these proceedings."

*See* Hearing Officer Determination of Terry Michael Banks, *citing R.S. v. District

of Columbia*, at 4 attached as Exhibit 1.  Under these rules a petition for review

must be filed within 30 days after notice is given of the order to be reviewed.  If

the petition is timely filed, the time for filing an appeal tolls until the issuance of

the order denying the petition to review.  In this case, however, Plaintiff did not file

its Motion for Reconsideration within 30 days, and accordingly Hearing Officer

---

[1]Prior to the 2004 amendments to IDEA, the Court of Appeals for the District of
Columbia Circuit held that appeals from special education administrative due process hearings
are no different than other administrative hearings and must be appealed within 30 days.  *See
Spiegler v. D.C.* 866 F.2d 461 (D.C. Cir. 1989).

Banks denied the motion and held that it did not operate to toll the time for filing

an appeal from the HOD.

The 90 day time frame for submitting an appeal in this case started on

March 22, 2006, the date of the hearing officer's determination and order, and

ended on June 20, 2006.  The hearing officer was explicitly clear that Plaintiff's

May 11, 2006 Motion for Reconsideration did not toll the time for appeal.  *See*

Exhibit 1 at 4.  However, even if the hearing officer erred and the motion did toll

the time for filing an appeal, Plaintiff's appeal is still untimely.  The Motion for

Reconsideration was denied on May 23, 2006, and so the 90 day time frame

would have ended on August 21, 2006 and thus this appeal was untimely filed.

Because it has been more than 90 days since the hearing officer issued

his order in this case, the time within which to appeal has expired.  As such, we

request that this Court dismiss with prejudice the instant appeal as not timely

filed.

Respectfully submitted,

_____/s/_____
Ellen Douglass Dalton, Esq.
Counsel for Defendant Hyde
D.C. Bar No. 411612
Dalton, Dalton, &  Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323

4