# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

**Confidential**

| | |
|---|---|
| EVANGEL McNEILL, STUDENT | ) |
| | ) Hearing Dates: March 17, 2006 |
| Date of Birth: January 19, 1989 | ) |
| | ) |
| Petitioner, | ) Complaint Filed: January 19, 2006 |
| | ) |
| v. | ) |
| | ) |
| HYDE LEADERSHIP P.C.S. | ) |
| | ) |
| and | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | )        8th Floor |
| | )        Washington, D.C. 20002 |
| Student Attending: | ) |
| High Road Academy | ) HOD: March 22, 2006 |

## HEARING OFFICER'S ORDER
## ON MOTION FOR RECONSIDERATION

| | |
|---|---|
| **Parents:** | Ms. Delores McNeil, Mother<br>307 Seaton Place, N.E.<br>Washington, D.C. 20002 |
| **Counsel for Petitioner:** | Fatmata Barrie, Esquire<br>1003 K Street, N.W.<br>Suite 500<br>Washington, D.C. 20001<br>(202) 626-0040; Fax: (202) 626-0048 |

DEFENDANT'S
EXHIBIT
1

Counsel for the Hyde P.C.S.:      Ellen Douglas Dalton, Esquire
                                  William Houston, Esquire
                                  Dalton, Dalton & Houston, P.C.
                                  1008 Pendleton Street
                                  Alexandria, Virginia 22314-1837
                                  (703) 739-4300; Fax: (703)739-2323

Counsel for DCPS:                 Quinne Harris-Lindsey, Esquire
                                  Office of the General Counsel, DCPS
                                  825 North Capitol Street, N.E.; 9th Floor
                                  Washington, D.C. 20002


An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.


# INDEX OF NAMES

| Child | Evangel McNeill |
|---|---|
| Child's Parent(s) (specific relationship) | Delores McNeill, Mother |
| Child/Parent's Representative | Fatmata Barrie, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire for DCPS Ellen Douglas Dalton, Esquire for Hyde William Houston, Esquire for Hyde |
| Special Education Coordinator | Chante Booker, Hyde P.C.S. |
| Principal | Shanon Redman, Director, High Road Academy |
| Special Education Case Manager | Kala Craft, Hyde P.C.S. |

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a sixteen year-old student who formerly attended Hyde Public Charter School ("Hyde"), and is now attending High Road Academy ("HRA"). On January 19, 2006, Petitioner filed a Due Process Complaint Notice ("*Complaint*") alleging that Hyde and the District of Columbia Public Schools ("DCPS") had failed to (1) conduct triennial evaluations, (2) develop an Individualized Education Program ("IEP"), (3) provide necessary services, (4) provide an appropriate placement, and (5) provide compensatory education services. The due process hearing was convened on March 17, 2006. The parties' Five-Day Disclosure Notices were admitted into evidence at the hearing.[1] DCPS moved to be dismissed as a party, because it agreed to fund Petitioner's proposed placement at High Road Academy ("High Road") retroactive to January 30, 2006. Neither Hyde nor Petitioner objected to DCPS' motion, which the hearing officer then granted.

On March 22, 2006, this hearing officer issued a hearing officer's decision ("HOD") concluding that (1) Hyde did not deny Petitioner a free appropriate public education ("FAPE") by failing to conduct triennial evaluations of Petitioner, (2) Hyde did not deny Petitioner FAPE by failing to develop appropriate IEPs while Petitioner was enrolled at Hyde, (3) the issue of placement was moot, because Petitioner was placed at HRA on February 6, 2006, before the convening of the Resolution Session meeting, (4) Hyde denied Petitioner FAPE by failing to provide a certified special educator to provide in-class assistance in the fall of 2005, and (5) Petitioner failed to prove that Petitioner required compensatory education services.

On May 11, 2006, Petitioner's counsel filed a memorandum styled *Response to the 3/23/06 HOD, Motion for Reconsideration and Motion for Corrections for Evangel McNeil* ("*Motion*"). On May 17, 2006, Hyde filed *Hyde's Opposition to Motion for Reconsideration* ("*Opposition*").

---

[1] Petitioner moved to exclude notes from the Resolution Session Meeting submitted by Hyde as Exhibit No. 23. The hearing officer overruled Petitioner's objection on the grounds that under the recently amended IDEA, the Resolution Meeting is an integral part of the due process proceeding. Thus due process proceedings are dissimilar to ordinary civil litigation where settlement negotiations are not mandated and a willingness to settle might be viewed as an indication of vulnerability. Under IDEA, only the hearing officer can enforce compliance with the procedures related to the Resolution Session meeting. Thus, evidence relating to the Resolution Session meeting is relevant to the proceeding.

05/23/2006  13:12  20244255      STUDENT HEARINGS, APP                    PAGE  05/06

## Analysis

The regulations governing due process hearings under IDEA make no provision for motions for reconsideration. However, In *R.S. v. District of Columbia*,[2] a District Court judge held, in a case of first impression, that the D.C. Court of Appeals Rules 15(a) and (b) should be applied in these proceedings. Rule 15(a) provides that review of District agency final decisions "shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice is given... of the order or decision to be reviewed." Rule 15(b) tolls the time for filing an appeal until the issuance of the order denying the petition for review. In this case, Petitioner's *Motion* was filed on May 11, 2006, more than thirty days after the entry of the final decision. Therefore, as a matter of law, the *Motion* was not timely, may not be considered by the hearing officer, and does not operate to toll the time for filing an appeal from the HOD.

## ORDER

Upon consideration of Petitioner's *Motion* and Hyde's *Opposition*, this 23rd day of May 2006, it is hereby

**ORDERED**, that Petitioner's *Motion* is **DENIED.**

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[2] Civil Action No. 03-1811 (D.D.C. Nov. 17, 2003).

4

## Notice of Right to Appeal Hearing Officer's Decision and Order

The final administrative decision in this matter was a Hearing Officer's Decision issued on March 22, 2006. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

_____
Terry Michael Banks
Hearing Officer

Date: May 23, 2006


Issued: 5|23|06 _____


Copies to:

Fatmata Barrie, Esquire
1003 K Street, N.W.; Suite 500
Washington, D.C. 20001
(202) 626-0040; Fax: (202) 626-0048

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

Ellen Douglas Dalton, Esquire
William Houston, Esquire
Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300; Fax: (703)739-2323