UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| E.M., a minor by his mother and next friend, DELORES MCNEILL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 06-1497 (RBW)

**ORDER**

On August 24, 2006, the plaintiffs brought this action challenging the March 23, 2006 decision of an administrative hearing officer of the District of Columbia Public Schools under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. (2000), and the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. 108-446, 118 Stat. 2647 (2004).  Complaint ("Compl.") ¶¶ 1, 16. Currently before the Court is the motion to dismiss the plaintiffs' complaint filed by defendant Hyde Public Charter Schools ("Hyde").  In this motion, Hyde argues that the plaintiffs' complaint was not timely filed, given the IDEA's 90-day statutory time frame for appealing a hearing officer's decision, and that it should therefore be dismissed with prejudice.  Defendant Hyde's Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint for Failure to Timely File ("Def.'s Mem.") at 1-4; see also 20 U.S.C.A. § 1415(i)(2)(B) (2004) (stating that "[t]he party bringing [a

1

civil action challenging the decision of a hearing officer] shall have 90 days from the date of the decision of the hearing officer to bring such an action").

On September 29, 2006, the plaintiffs moved to voluntarily dismiss this action against defendants District of Columbia, Superintendent Clifford Janey, and Hyde. Plaintiffs' Motion to Dismiss at 1. The Court granted the plaintiffs' motion in part and dismissed their actions without prejudice against the District of Columbia and Superintendent Janey. October 4, 2006 Order at 2. However, because Hyde had filed an answer to the plaintiffs' complaint, the plaintiffs could not voluntarily dismiss their action without prejudice against Hyde unless Hyde so stipulated, which Hyde chose not to do. Defendant Hyde's Response to Plaintiff[s'] Motion to Dismiss at 1 (stating that "Hyde opposes Plaintiff[s'] Motion to Dismiss without prejudice so long as Hyde's motion to dismiss [with prejudice] is still outstanding"); see also October 4, 2006 Order at 2; Fed. R. Civ. P. 41(a)(1). Accordingly, the Court directed the plaintiffs to respond to Hyde's pending motion to dismiss. October 4, 2006 Order at 2.

On October 20, 2006, the plaintiffs filed a response to Hyde's motion to dismiss. In this response, the plaintiffs reiterated their request that the Court "dismiss [the] Plaintiffs' complaint for lack of jurisdiction." Plaintiffs' Response to Defendant Hyde's Motion to Dismiss at 1. The plaintiffs concede, "[u]pon review of the record and [the] Defendant's motion to dismiss," that their "complaint is untimely." Id. The plaintiffs thus contend that "the Court lacks jurisdiction over the matter and should dismiss as requested by [the] Plaintiff[s]." Id. The plaintiffs further argue that because "a failure to file timely [under the IDEA] deprives the Court of jurisdiction over the appeal," their action against Hyde should be dismissed without prejudice. Id. (citation omitted).

Although Hyde does not state whether it seeks dismissal of the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), see generally Def.'s Mem., the Court agrees with the plaintiffs that a failure to timely file an appeal under the IDEA deprives the Court of subject-matter jurisdiction. See Cummings v. District of Columbia, Civ. No. 04-1426 (RMC), 2006 WL 1126811, at *3 (D.D.C. Mar. 31, 2006) (finding that the Court lacked jurisdiction when plaintiff failed to timely file IDEA appeal). The Court further agrees with the plaintiff that a dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) generally constitutes a dismissal without prejudice. See Fed. R. Civ. P. 41(b) (stating that "a dismissal for lack of jurisdiction" does not, unless the court otherwise specifies, "operate[] as an adjudication on the merits"). Accordingly, and because the plaintiff does not dispute Hyde's assertion that the complaint was not filed within the 90-day limitations period provided by the applicable statute, it is hereby

**ORDERED** that Hyde's motion to dismiss is GRANTED IN PART and DENIED IN PART. It is further

**ORDERED** that the plaintiffs' action against Hyde is dismissed without prejudice. It is further

**ORDERED** that this case is closed.

**SO ORDERED** this 30th day of October, 2006.

>                                        REGGIE B. WALTON
>                                        United States District Judge